UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUEE RENNA, and KIPP DOWNING,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI LA COSTA RESORT & SPA, LLC, et al.,<br><br>Defendants. | Case No.: 18-CV-237-JLS (JLB)<br><br>**ORDER GRANTING MOTION TO FILE THIRD-PARTY COMPLAINT**<br><br>(ECF No. 7) |

Presently before the Court is Defendants' Motion for Leave to File Third-Party Complaint, ("MTN," ECF No. 7). Also before the Court is Plaintiffs' Opposition to the Motion, ("Opp'n," ECF No. 8). Defendants seek leave to file a third-party complaint against Gregory Renna.

## BACKGROUND

Plaintiffs Ms. Renna and Mr. Downing were staying at the Omni La Costa Resort & Spa. ("Compl." ECF No. 1, ¶ 13.) Plaintiffs allege that Ms. Renna's ex-husband, Mr. Renna, found out the two were staying at the resort. (*Id.* ¶ 14.) Mr. Renna went to the resort and asked the front desk agent for Ms. Renna's room number and a key to her room. The front desk agent obliged. Mr. Renna went to the room, unlocked the door, and

"launched a violent attack" on Mr. Downing. (*Id.* ¶ 15.) Plaintiffs have filed a Complaint against Defendants for (1) negligence; (2) intentional infliction of emotional distress; (3) negligent hiring, retention, and supervision; (4) negligent training; (5) premises liability; (6) and respondeat superior. Plaintiffs did not include Mr. Renna as a Defendant. Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendants move for leave to file a third-party complaint against Mr. Renna.

**LEGAL STANDARD**

Rule 14(a)(1) provides, in pertinent part, that with the court's leave, "a defending party may, as third-party plaintiff, serve summons and complaint on a non party who is or may be liable to it for all or part of the claim against it." Accordingly, a third-party claim may be asserted under Rule 14(a)(1) only when the third-party's liability is in some way dependent on the outcome of the main claim, or when the third-party is secondarily liable to the defending party. *See Stewart v. Am. Int'l Oil and Gas Co.*, 845 F.2d 196, 199–200 (9th Cir. 1988). In other words, a defendant bringing a third-party claim must be attempting to transfer to the third-party a liability asserted by the original plaintiff against that defendant. *Id.* at 200; C. Wright, et al., 6 Federal Practice and Procedure § 1446 (3d ed. 2018).

Whether to grant a Rule 14(a)(1) impleader motion rests in the sound discretion of the trial court. *United States v. One Mercedes Benz,* 708 F.2d 444, 452 (9th Cir. 1983). "In a non-exhaustive list of considerations, the court will seek to balance the benefits afforded by liberal federal third-party practice against the possible prejudice to the plaintiff and the third-party defendant, complexity of the issues, likelihood of delay, and timeliness of the motion to implead." *Three Rivers Provider Network, Inc. v. Jett Integration*, No. 14cv1092 JM (KSC), 2015 WL 859448, at *7 (S.D. Cal. Feb. 27, 2015) (citing *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000)).

**ANALYSIS**

Here, Defendants satisfy the requirements for impleader. With respect to the Rule's derivative liability requirement, part of the basis for Plaintiffs' complaint is that Mr. Renna

caused them distress. Indeed, the other part of their Complaint alleges negligent and wrongful conduct on behalf of the hotel employees. But, the allegations set forth in the proposed third-party complaint could possibly impose some liability arising in tort on Mr. Renna. Accordingly, without addressing the merits or ultimate viability of the third-party complaint, this threshold requirement is satisfied.

With regard to timeliness and prejudice, the Court finds that Plaintiffs will not be prejudiced. Plaintiffs admit that the discovery cutoff does not occur until August 2018. (Opp'n 2.) The Court also finds that Mr. Renna's joinder will not substantially complicate the action, and the impact on the timely resolution of this case will not be seriously compromised. The Court concludes that the judicial economy benefits of allowing Defendants to implead Mr. Renna outweigh undue delay and prejudice to Plaintiffs.

The Court **GRANTS** Defendants' Motion. Accordingly, the hearing date set for June 28, 2018 at 1:30 p.m. is **VACATED**. Defendants **SHALL** file the third-party complaint attached to their Motion within seven (7) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: June 15, 2018

Hon. Janis L. Sammartino
United States District Judge